# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JOHN M. WEEKS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORIZON MEDICAL SERVICES, )<br>INC., et al., )<br>)<br>Defendants. ) | No. 2:12-CV-70-RWS |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of John M. Weeks, Jr. (registration no. 1157879) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will order process to issue as to the Missouri Department of Corrections and will dismiss this action as to all remaining defendants. *See* 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $69.25, and an average monthly account balance of $16.52. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.85, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly

suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint and Supplements[1]**

Plaintiff, an inmate at the Moberly Correctional Center, seeks injunctive relief in this action for the violation of Section 3 of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-1, *et seq.,* as well as his First and Fourteenth Amendment rights under 42 U.S.C. § 1983. The named defendants are Corizon Medical Services, Inc. ("Corizon"), Missouri Department of Corrections ("MDOC"), George A. Lombardi (Director, Missouri Department of Corrections), and Bonnie Boley (Corizon Medical Services

---

[1] The Court will liberally construe plaintiff's October 12 and October 24, 2012 letters to the Court [Docs. #4 and #5] as supplements to the complaint.

Administrator, Moberly Correctional Center). Plaintiff is suing the individual defendants in their official capacities.[2]

Plaintiff alleges that in 2008, 2009, 2011, and 2012, he was forcibly injected with a "Purified Protein Derivative" ("PPD") tuberculosis test, in violation of his sincerely held beliefs as a practicing member of The House of Yahweh.[3] Plaintiff contends that the PPD test contains human protein derivatives, which his religion strictly forbids. Plaintiff states that he had often requested one of the alternative tuberculosis tests, which are available, but the Missouri Department of Corrections denied his requests, with the exception of the year 2010, when he was allowed to have an x-ray as an alternative test. In addition, plaintiff states that in 2011, he was issued conduct violations and was placed in administrative segregation for disobeying an order and creating a disturbance when he refused the PPD test on religious grounds. Plaintiff states that there are "alternative more reliable methods" to test for tuberculosis, such as an x-ray or a microbiological test, and to accommodate the least restrictive means to further a compelling governmental interest. Plaintiff alleges that

---

[2] *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

[3] In 2008, plaintiff was confined at the Southeastern Correctional Center; in 2009, he was confined at the Farmington Correctional Center; in 2011, he was confined at the Western Missouri Correctional Center; and in 2012 he was confined at the Moberly Correctional Center.

unless he is granted injunctive relief, he will continue to be irreparably injured by the MDOC's forced administration of the PPD test.

## Discussion

### I. RLUIPA Claims

The Religious Land Use and Institutionalized Persons Act provides, in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person --
>
> > (1) is in furtherance of a compelling governmental interest; and
>
> > (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). "The Act defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Cutter v. Wilkinson*, 544 U.S. 709, 715 (2005)(quoting 42 U.S.C. § 2000cc-5(7)(A)). "'A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.'" *Id*. at 716 (quoting 42 U.S.C. § 2000cc-2(a)).

Having carefully reviewed the complaint, the Court finds that plaintiff has stated a RLUIPA claim against defendant MDOC. As such, process shall issue as to this defendant.

As to defendants Corizon, Lombardi, and Boley, the Court will dismiss the complaint for failure to state a claim. Plaintiff has failed to assert any facts or allegations against these defendants, indicating that they were directly involved in or were personally responsible for the violation of plaintiff's rights under RLUIPA.

**II. Section 1983 First Amendment Claims**

Plaintiff claims that MDOC's policy calling for the forced administration of PPD tests violated his rights under the Free Exercise Clause of the First Amendment. The Court finds that plaintiff has stated a First Amendment § 1983 claim for injunctive relief against defendant MDOC.

Plaintiff has failed to assert any facts indicating that defendants Corizon, Lombardi, and/or Boley were directly involved in or personally responsible for the violation of plaintiff's First Amendment rights. Thus, the Court will dismiss the complaint for failure to state a § 1983 First Amendment claim against said defendants.

### III. Section 1983 Fourteenth Amendment Claims

#### 1. Substantive Due Process

Plaintiff alleges that, in addition to his First Amendment rights, his Fourteenth Amendment substantive due process rights were violated when he was forced, against his religious beliefs, to undergo a PPD tuberculosis test.

At this point, it is important to note the difference between constitutional claims arising under the Due Process Clause of the Fourteenth Amendment and those arising under a more specific provision of the Constitution, such as the First Amendment. United States Supreme Court precedent suggests that these two types of claims should not be conflated. *See Graham v. Connor*, 490 U.S. 386 (1989). In *Graham*, the Supreme Court rejected various lower courts' reliance on substantive due process standards in evaluating an excessive-use-of-force claim against a "free citizen," where such claims were covered by explicit provisions in the Constitution, namely the Fourth Amendment. *Id*. at 392-95.[4] Later, in *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court explained that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of

---

[4]More specifically, the Court pointed to the Second Circuit's four-factor substantive due process test in *Johnson v. Glick*, 481 F.2d 1028, *cert. denied*, 414 U.S. 1033 (1973), as an illustration of what should *not* be used when an enumerated constitutional right is available as a source of protection.

substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273(quoting *Graham*, 490 U.S. at 395); *see also*, *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999)(applying analytical framework of First Amendment to plaintiffs' claims they were retaliated against for engaging in the constitutionally-protected activity of accessing the courts; abrogating the Circuit's prior decisions imposing Fourteenth Amendment substantive due process test to prisoners' claims of retaliation in violation of an enumerated constitutional right).

Applying these precepts to the case at bar, the Court concludes that because plaintiff's substantive due process claims arose out of his attempts to refuse the PPD test on religious grounds and to obtain an alternative form of testing that complied with his religious beliefs, it is the First Amendment that must be the exclusive guide for analyzing plaintiff's constitutional claims. In other words, it is this particular amendment that provides the explicit textual source of constitutional protection in this case, and therefore, the more generalized notion of Fourteenth Amendment substantive due process should not be used. *See, e.g., Cornell v. Woods*, 69 F.3d 1383, 1387-90 (8th Cir. 1995)(analyzing claim of retaliatory discipline exclusively under First Amendment). Thus, because the First Amendment properly covers plaintiff's claims relative to tuberculosis testing, the Court will dismiss, without prejudice, plaintiff's Fourteenth Amendment substantive due process claims.

## 2. Procedural Due Process

Plaintiff alleges that his Fourteenth Amendment procedural due process rights were violated when he was placed in administrative segregation for refusing, on religious grounds, the PPD test. For Fourteenth Amendment procedural due process to be implicated, however, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered this type of atypical and significant hardship in which the state might conceivably create a liberty interest. *Cf. id*. at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997)(same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997)(same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996)(same; ten days disciplinary detention and 100 days in maximum-security cell). For these reasons, the Court will dismiss, without prejudice, plaintiff's Fourteenth Amendment procedural due process claims.

### 3. Equal Protection

Plaintiff's conclusory claim that he is "also entitled to 'Equil [sic] Protection' of the law" will be dismissed as legally frivolous and for failure to state a claim or cause of action. The Equal Protection Clause requires the government to treat all similarly-situated people alike, and "[a]s a threshold matter, '[t]o state an equal protection claim, [a plaintiff] must have established that [he was] treated differently from others similarly situated.'" *Creason v. City of Washington*, 435 F.3d 820, 823 (8th Cir. 2006) (quoting *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998)). Thus, the equal protection doctrine is rooted in a comparison of the actual treatment accorded one person with that actually accorded other persons or class of persons, not in a comparison of the actual treatment accorded one person as measured against the ideal treatment, proscribed by the norms of state law, which that single person should have received. In the latter situation, there is simply no discrimination, invidious or otherwise. Because plaintiff has failed to allege any facts indicating that any of the named defendants invidiously discriminated against him in favor of another person or class of persons, with no rational basis for any differentiation in treatment, his equal protection claim will be dismissed under § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $13.85 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to defendants Corizon Medical Services, Inc., George A. Lombardi, and Bonnie Boley, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to plaintiff's First Amendment § 1983 and RLUIPA claims for injunctive relief against defendant Missouri Department of Corrections, the Clerk shall issue process or cause process to issue upon the complaint, and all remaining claims against this defendant are **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that, within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure, defendant Missouri Department of Corrections shall file a responsive pleading to plaintiff's First Amendment § 1983 and RLUIPA claims.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of January, 2013.

_____
**UNITED STATES DISTRICT JUDGE**