# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN M. WEEKS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12CV70 RWS |
| | ) | |
| CORIZON MEDICAL SERVICES | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's submission of a proposed amended complaint. Although plaintiff failed to file a motion to amend simultaneously with the proposed amended complaint, I will consider whether the motion should be granted *sua sponte* because I am required to review the amended pleading under 28 U.S.C. § 1915(e) and dismiss it or any portion of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted. After conducting such review, I find that plaintiff should be allowed to amend his complaint and that several of plaintiff's claims should be dismissed.

### Background

Plaintiff filed this action on September 18, 2012, under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 *et*

*seq.* ("RLUIPA").  Plaintiff named Corizon Medical Services, Inc. ("Corizon"), Missouri Department of Corrections ("MDOC"), George A. Lombardi (Director, Missouri Department of Corrections), and Bonnie Boley (Corizon Medical Services Administrator, Moberly Correctional Center) as defendants in the action.

Plaintiff alleged that in 2008, 2009, 2011, and 2012, he was forcibly injected with a "Purified Protein Derivative" ("PPD") tuberculosis test, in violation of his sincerely held beliefs as a practicing member of The House of Yahweh.  I reviewed the complaint under 28 U.S.C. § 1915(e), and I dismissed plaintiff's claims against Corizon, Lombardi, and Boley because plaintiff failed to allege facts showing that they were directly involved in the alleged violations of plaintiff's rights.  I allowed the complaint to proceed against MDOC and ordered that MDOC be served with process.

MDOC answered the complaint on March 26, 2013.  Plaintiff recently asked for additional time to file a motion to amend his complaint, and I granted the requested relief.  The proposed amended complaint follows.

**The Amended Complaint**

Plaintiff brings the action under 42 U.S.C. § 1983 and the RLUIPA alleging that he has been forcibly injected several times with PPD tests.  Named as defendants are Corizon Medical Services, Inc. ("CMS"); Valitas, Inc.; MDOC; Unknown Seeley,

a Lieutenant Correctional Officer at the Western Missouri Correctional Center ("WMCC"); Jane Doe, Hospital Administrator at WMCC and employee of Corizon; Bonnie Boley, Hospital Administrator at Moberly Correctional Center ("MCC"); and John Doe, a Captain at MCC.

Plaintiff alleges that in 2008, 2009, 2011, and 2012, he was forcibly injected with a "Purified Protein Derivative" ("PPD") tuberculosis test, in violation of his sincerely held beliefs as a practicing member of The House of Yahweh. Plaintiff contends that the PPD test contains human protein derivatives, which his religion strictly forbids. Plaintiff states that he had often requested one of the alternative tuberculosis tests, which are available, but the Missouri Department of Corrections denied his requests, with the exception of the year 2010, when he was allowed to have an x-ray as an alternative test. In addition, plaintiff states that in 2011, he was issued conduct violations and was placed in administrative segregation for disobeying an order and creating a disturbance when he refused the PPD test on religious grounds. Plaintiff states that there are "alternative more reliable methods" to test for tuberculosis, such as an x-ray or a microbiological test, and to accommodate the least restrictive means to further a compelling governmental interest.

Plaintiff alleges that while he was incarcerated at WMCC in 2011, he spoke with defendant Jane Doe about his objections to the PPD test. Plaintiff claims that

Doe disparaged his religion, and he claims that he asked her to call his religious leaders to confirm the authenticity of his objection to the PPD test but that she refused to do so. Plaintiff maintains that she told him prison officials were going to force him to undergo the PPD test and that it was the only test Corizon offered.

Plaintiff further alleges that on October 13, 2011, defendant Seeley participated in forcing plaintiff to be injected with the PPD test. Plaintiff says that Seeley told him that if he took the test there would be no problems; plaintiff claims that he told Seeley he could not take it because it was not kosher. Plaintiff asserts that Seeley and the other correctional officers then forcibly injected him.

Plaintiff's only allegation with respect to defendant Boley is that his caseworker called her in October 2012 to ask about alternative TB tests.

Plaintiff asserts that on October 24, 2012, defendant John Doe participated in forcibly injecting him with the PPD test.

Plaintiff's amended complaint seeks injunctive relief and damages from all defendants.

**Discussion**

Plaintiff sues defendants in both their official and individual capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of

State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, plaintiff's official capacity claims for damages will be dismissed.[1] Plaintiff's § 1983 claims against the Missouri Department of Corrections, an agency of the State of Missouri, are also dismissed for this reason. Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) )(agency exercising state power is not "person" subject to § 1983 suit).

Because there is no individual liability under the RLUIPA, plaintiff's RLUIPA claims against the individual defendants will be dismissed. Blake v. Cooper, 2013 WL 523710, *1 (W.D. Mo. Feb. 12, 2013). Moreover, sovereign immunity bars plaintiff's claims for damages against the MDOC under the RLUIPA. Sossamon v. Texas, 131 S. Ct. 1651, 1655 (U.S. 2011).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v.

---

[1] However, a state official may be sued in his official capacity for prospective injunctive relief. See Heartland Academy Community Church v. Waddle, 427 F.3d 525, 530 (8th Cir. 2005).

Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff's allegations against defendants Boley and Jane Doe do not show that either of these defendants, as hospital administrators, were personally involved in the decision to forcibly inject plaintiff with the PPD tests. As a result, the amended complaint fails to state a claim against these defendants.

To state a claim against defendants CMS or Valitas, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff has not alleged the existence of any official policy or custom, and therefore, plaintiff's claims against CMS and Valitas fail to state a claim upon which relief can be granted.

For the same reasons stated in my Memorandum and Order on January 25, 2013, I find that plaintiff's First Amendment claims survive review under 28 U.S.C. § 1915(e). Plaintiff's due process and equal protection claims under the Fourteenth Amendment fail to state a claim for the reasons previously stated. Plaintiff's RLUIPA claims for prospective injunctive relief survive review as to defendant MDOC.

The allegations in the amended complaint show that defendants Seeley and John Doe were directly involved with the forced injections. As a result, I will order

the Clerk to serve process on defendant Seeley, and I will allow plaintiff to attempt to ascertain the identity of John Doe in the discovery process.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff is granted leave to file his amended complaint dated June 11, 2013, and the following claims are dismissed: plaintiff's § 1983 claims against defendant Missouri Department of Corrections; plaintiff's § 1983 official capacity claims for damages; plaintiff's RLUIPA claims against the individual defendants; and, plaintiff's RLUIPA claims for monetary damages against the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendant Unknown Seeley, who is alleged to be a Lieutenant at Western Missouri Correctional Center.

**IT IS FURTHER ORDERED** that defendants Corizon, Valitas (a/k/a Corizon, Inc.), Bonnie Boley, and Jane Doe are **DISMISSED** from the amended complaint without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall add Unknown Seeley and John Doe (Captain, Moberly Correctional Center) as defendants in this action.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of June, 2013.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE